UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KRYSTA LEE,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
PENSACOLA COUNTRY CLUB,　　　)
INC.,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　)
_____/

# **C O M P L A I N T**

COMES NOW, the Plaintiff, KRYSTA LEE (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues PENSACOLA COUNTRY CLUB, INC. (hereinafter referred to as "Defendant"), and alleges:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant is located and/or does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, KRYSTA LEE, is a resident of the State of Florida and was an employee of the Defendant during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, KRYSTA LEE, worked for the Defendant performing duties assigned to her by the Defendant at their property located in the Pensacola, Florida, area.

6. At all times material herein, Plaintiff was an employee of the Defendant within the meaning of the Act, 29 U.S.C. § 203(e)(1).

7. Defendant, PENSACOLA COUNTRY CLUB, INC., is a Florida for-profit company duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to,

operating and/or managing a social membership, recreational facilities, and dining facilities.

8. Defendant, at all times material, was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

9. The Defendant, PENSACOLA COUNTRY CLUB, INC. (hereinafter referred to as "PENSACOLA COUNTRY CLUB"), is an employer and enterprise engaged in interstate commerce.

10. The Defendant's principal place of business is 1500 Bayshore Drive, Pensacola, FL 32507.

11. The Defendant, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, furniture, equipment, materials, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by

transacting business across state lines, all of which are part of interstate commerce.

12. Furthermore, the Defendant obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. The Defendant, PENSACOLA COUNTRY CLUB, has annual revenue of at least five hundred thousand dollars ($500,000.00).

14. The Defendant controls the day to day operations of the country club located at 1500 Bayshore Drive, Pensacola, FL 32507, and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services to offer, setting product and services pricing, and other business operations.

15. The Defendant hired Plaintiff in or about 2009 as an Assistant Director/Tennis Pro. The Plaintiff is still currently employed by the Defendant.

16. Along with working as an Assistant Director/Tennis Pro, the Plaintiff also worked in the Defendants pro-shop where she performed retail activities.

17. At all times material herein, the Defendant, controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendant was responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

18. During her employment with the Defendant, the Defendant misclassified some of the Plaintiff's employment as an independent contractor. Specifically, some of her time was compensated as an employee and other parts of her time, time spent working as a tennis pro giving lessons, was classified as an independent contractor.

19. At all times during the period Plaintiff has worked for the Defendant, the Defendant has exercised control over her.

20. At all times during the period Plaintiff worked for the Defendant, the relationship with the parties was permanent in nature.

21. At all times during the period Plaintiff worked for the Defendant, the Plaintiff was economically dependent on the Defendant.

22. At all times during the period Plaintiff worked for the Defendant, the Plaintiff's job duties performed were an integral part of the Defendant's business.

23. The Plaintiff was a "non-exempt" employee of the Defendant.

24. The Plaintiff was not a salaried employee.

25. The Plaintiff worked the number of hours required of her by the Defendant, but was not paid for each and every hour worked during a work week.

26. The Defendant suffered and permitted the Plaintiff to work for them but did not pay her for all work that she performed for the Defendants.

27. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

28. The Plaintiff regularly worked for the Defendant but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

29. The Plaintiff worked over forty (40) hours in a work week for the Defendant, but was not paid overtime compensation at the proper overtime rate by the Defendant for those hours worked over forty (40) in a work week.

30. The Defendant is directly involved with paying the Plaintiff.

31. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendant. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

32. The Defendant's actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

33. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## **COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA**

34. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

35. The Defendant hired Plaintiff in 2009 to work for them at their location in Pensacola, Florida.

36. During her time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of her job including, but not limited to Assistant Director/Tennis Pro.

37. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

38. The Plaintiff regularly worked for the Defendant but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

39. Defendant failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

40. The Defendant was aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

41. The Defendant knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

42. The Defendant's practice of failing to pay Plaintiff the appropriate minimum wage due her violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendant's unlawful practice, the Plaintiff has suffered unpaid wages.

43. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

44. Because of Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

45. As a result of the unlawful acts of the Defendant, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

47. The Defendant hired Plaintiff in or about 2009 to work for them at their location in the Pensacola, Florida area.

48. During her time as an employee of the Defendant, the Plaintiff worked as and performed the essential duties of her job including, but not limited to Assistant Director/Tennis Pro.

49. On average, the Plaintiff worked over forty (40) hours in a work week for the Defendant.

50. The Plaintiff estimates, that in many weeks during her employment with the Defendant, she worked between fifty (50) and seventy (70) hours per week.

51. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

52. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

53. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times her regular hourly rate for each hour worked in excess of forty (40) in a work-week.

54. The Defendant employed Plaintiff in excess of forty (40) hours in at least one work week without paying her at a rate of one and one half (1 ½) times her regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

55. As a consequence of the Defendant's violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours she worked in excess of 40 hours for each week she

was employed by the Defendant and for which she was not paid one and one half times (1 ½) her regular rate.

56. Defendant knew and was aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

57. Defendant failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

58. The Defendant knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

59. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

60. Because of Defendant's actions, Plaintiff has had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

61. As a result of the unlawful acts of the Defendant, Plaintiff has been deprived of overtime compensation in amounts to be determined at

trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT III – VIOLATION OF 26 U.S.C. § 7434

62. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully set forth herein.

63. The Defendant had an obligation to provide correct information returns to the IRS and to the Plaintiff.

64. The Defendant served/filed or caused to be served/filed knowingly false annual tax returns for the 2011, 2012, 2013, 2014, 2015, 2016, and 2017 calendar years by misclassifying Plaintiff as an independent contractor when Plaintiff clearly was an employee, and then failing to properly identify her as an employee and pay the required employment taxes on her behalf.

65. The Defendant served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for all four quarters of 2011, 2012, 2013, 2014, 2015, 2016, and the first quarter of 2017 by misclassifying Plaintiff as an independent contractor when Plaintiff clearly was an employee and then failing to properly identify her as an employee and pay the required employment taxes on her behalf.

66. The Defendant provided paychecks to Plaintiff and is directly responsible for the issuance of paychecks to Plaintiff, calculation of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

67. Plaintiff suffered damages as a result of Defendant's willful provision of false information returns, including the overpayment of taxes as an independent contractor, the failure to receive the require contribution to her taxes by his employers, the lack of a contribution to social security, and the like, as a result of Defendants' intentional and willful acts as described above.

68. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

    **(a) In general**
    If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

    **(b) Damages**
    In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

    1. any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

    2. the costs of the action, and

    3. in the court's discretion, reasonable attorneys' fees.

**WHEREFORE** Plaintiff, KRYSTA LEE, demands the entry of a judgment in her favor and against Defendant after trial by jury and as follows:

A. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendant for each year during the past six (6) years or the damages proximately caused by Defendant's conduct for each year during the past six (6) years;

B. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. §7434;

C. That Plaintiff recover all interest allowed by law; and

D. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 30th day of May, 2017.

        Respectfully submitted,

        /s/ Jeremiah J. Talbott
        JEREMIAH J. TALBOTT, ESQ.
        FL Bar No. 0154784
        Law Office of Jeremiah J. Talbott, P.A.
        900 E. Moreno Street
        Pensacola, Fla. 32503
        (850) 437-9600 / (850) 437-0906 (fax)
        jjtalbott@talbottlawfirm.com
        civilfilings@talbottlawfirm.com
        *Counsel for Plaintiff*